**UNITED STATES of America**

v.

**Victor VANCIER and Bruce Berger, Defendants.**

**No. 78 Cr. 954.**

United States District Court,
S. D. New York.

March 9, 1979.

---

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City, for plaintiff; Richard F. Ziegler, Asst. U. S. Atty., New York City, of counsel.

Sam Polur, New York City, for defendants.

LASKER, District Judge.

The defendants move for reconsideration of the court's holding that the tapes of conversations between a government informant and the defendants, tapes allegedly made with the informant's consent, were not required to be sealed under 18 U.S.C. § 2518(8)(a), which requires the sealing of tapes of "any wire or oral communication intercepted by any means authorized by this chapter [18 U.S.C. §§ 2510–2520]." They argue that "any means authorized by this chapter" includes *all* lawful means of intercepting oral or wire communications, because "except as otherwise provided in this chapter" all interceptions are illegal, and in particular they argue that "any means authorized by this chapter" includes consensual interceptions because such interceptions are "authorized" by § 2511(2)(c).

■ However, § 2511(2)(c) simply provides that consensual interceptions (by persons acting under color of law) "shall not be unlawful under this chapter." We do not read this as "authorizing" such intercep-

tions. Further, § 2518(8)(a) itself, when read in its entirety, clearly indicates that Congress meant "interceptions authorized under this chapter," or "pursuant to this chapter," rather than "all lawful interceptions." Sections 2516 and 2518 set up a system for acquiring a judicial order authorizing interceptions. Section 2518(8)(a) provides that "[i]mmediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions." Thus, by its terms, the sealing requirement applies only to interceptions pursuant to judicial authorization. If defendants' argument is correct, it would follow that consensual interceptions such as that involved here would require such authorization, something which even the defendants do not suggest, and which would require a very strained reading of the statute.

*United States v. Cianfrani,* 573 F.2d 835 (3d Cir. 1978), cited by the defendants, does not add strength to defendants' position. In *Cianfrani* the court held that until a determination has been made whether tapes of allegedly consensual interceptions were in fact obtained with consent, public disclosure of the contents of the tapes is prohibited by 18 U.S.C. §§ 2511(1)(c), 2517. This is a proposition with which we agree. We also agree that unless such a determination has been made, the tapes are not admissible at trial, *id.* §§ 2515, 2518(10). If necessary a hearing will be held to make such a determination in this case. However, nothing in *Cianfrani* qualifies the language of § 2518(8)(a) indicating that the sealing requirement applies only to tapes of conversations intercepted pursuant to judicial authorization under §§ 2516 and 2518.

Defendants' second point is well taken, but unavailing. They argue that the rationale for the sealing requirement, which is essentially that of protecting the integrity of evidence, applies with as much force to tapes of consensual interceptions as to tapes of judicially authorized ones. However, this is an argument that should be addressed to the legislature. Congress did not subject tapes of consensual interceptions to

the sealing requirement, and it is not for the court to rewrite the statute, whatever the merit of the suggestion. Only if the failure to seal constituted a violation of the defendants' due process rights would it provide grounds for the exclusion at trial of the unsealed tapes, and that in turn would appear to depend upon whether, as a result of the failure to seal the tapes, they were in fact tampered with, which would be reason enough in itself to exclude them.

For the reasons stated, the motion is denied.

It is so ordered.