523 A.2d 1181

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Victor ROCCO.**

Superior Court of Pennsylvania.

Submitted Nov. 6, 1986.

Filed April 8, 1987.

Joseph J. Mittleman, Assistant District Attorney, Media, for Com., appellant.

Ruth R. Shafer, Assistant Public Defender, Media, for appellee.

Before McEWEN, DEL SOLE and KELLY, JJ.

DEL SOLE, Judge:

The Commonwealth in this case has appealed the order of the trial judge which granted Victor Rocco's petition for disposition under Section 17 of the Controlled Substance, Drug Device and Cosmetic Act. The statute provides:

§ 780–117. Probation without verdict.

A person may be entitled to probation without verdict under the following circumstances:

(1) A person who has not previously been convicted of an offense under this act or under a similar act of the United States, or any other state, is eligible for probation without verdict if he pleads nolo contendere or guilty to, or is found guilty of, any nonviolent offense under this act. The court may, without entering a judgment, and with the consent of such person, defer further proceedings and place him on probation for a specific time period not to exceed the maximum for the offense upon such reasonable terms and conditions as it may require.

Probation without verdict shall not be available to any person who is charged with violating clause (30) of subsection (a) of section 13 of this act and who is not himself a drug abuser and who does not prove the fact of such drug abuse to the satisfaction of the court.

(2) Upon violation of a term or condition of probation, the court may enter a judgment and proceed as in any criminal case, or may continue the probation without verdict.

(3) Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal shall be without adjudication of guilt and shall not

constitute a conviction for any purpose whatever, including the penalties imposed for second or subsequent convictions: Provided, That probation without verdict shall be available to any person only once: And further provided, That notwithstanding any other provision of this act, the prosecuting attorney or the court, and the council, shall keep a list of those persons placed on probation without verdict, which list may only be used to determine the eligibility of persons for probation without verdict and the names on such lists may be used for no other purpose whatsoever.

35 P.S. § 780–117.

■ We will view a court's disposition under Section 17 as an exercise of the court's discretion in sentencing. The allowance of appellate review of sentencing in such a case is permitted by statute as follows:

§ 9781. Appellate review of sentence.

\* \* \* \* \* \*

(b) Allowance of appeal. The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter. 42 Pa.C.S.A. § 9781(b).[1]

■ Having reviewed the record, we find no substantial question that the sentence imposed was not appropriate. This was Mr. Rocco's first offense. The Commonwealth could provide no evidence that Mr. Rocco was *not* a drug abuser. The trial court granted the Appellee's petition for disposition under Section 17 on October 10, 1985, but de-

1. The comment to Pa.R.A.P. 902 provides that filing a notice of appeal, as the Commonwealth has done in this case, operates as a "petition for allowance of appeal". *See also Commonwealth v. Drumgoole,* 341 Pa.Superior Ct. 468, 491 A.2d 1352 (1985), PINES, *Pennsylvania Appellate Practice: Procedural Requirements and the Vagaries of Jurisdiction,* 91 DICK.L.REV. 55, 131–32.

layed sentencing until November 26, 1985 pending receipt of a diagnostic evaluation by the Court Service's diagnostic social worker. This evaluation is a part of the record and provides support for the trial court's disposition of the case.

We therefore decline to allow an appeal in this case pursuant to this Court's discretion under 42 Pa.C.S.A. § 9781(b).

Appeal dismissed.[2]

**2.** The Commonwealth's brief lacks the separate statement listing reasons why there is a "substantial question" as to the appropriateness of the sentence which is required by *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). We note that even if the Commonwealth had followed the correct procedure we would reach the same result.