544 A.2d 496

**COMMONWEALTH of Pennsylvania**

v.

**Victor Jude ROCCO, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1987.

Filed June 30, 1988.

332

Edward J. McMearty, Assistant Public Defender, Villanova, for appellant.

Joseph J. Mittleman, Assistant District Attorney, Media, for Com., appellee.

Before McEWEN, MONTEMURO and KELLY, JJ.

KELLY, Judge:

This case involves a direct appeal from judgment of sentence imposed on March 30, 1987, following appellant's conviction of three counts of knowing and intentional possession of a controlled substance (methamphetamine and cocaine) with intent to deliver or manufacture. Appellant raises three issues on appeal: (1) whether the trial court erred in not granting the appellant's motion to dismiss based upon prosecutorial vindictiveness; (2) whether the trial court erred by admitting into evidence at a hearing on a request for disposition under Section 17 of the Drug Act, the testimony of a Drug Enforcement Administration Official concerning distribution, sale and packaging of drugs and evidence of intercepted conversations concerning the sale and obtaining of drugs as such was irrelevant and immaterial to the issue of appellant's status as a drug addict under the Act; and (3) whether the trial court should have granted disposition under Section 17 of the Drug Act. We reverse and remand for an evidentiary hearing on the first issue.

The relevant facts and procedural history of this case may be summarized as follows. On June 12, 1984, Brian Sallade, a confidential informant working with the police department, purchased 13.9 grams of methamphetamine

from the appellant. On August 8, 1984, Mr. Sallade purchased 28 grams of cocaine from the appellant. On September 18, 1984, Mr. Sallade purchased $5,000.00 worth of cocaine from an individual named Mark Much. This sale was made in appellant's presence and in appellant's home. On the same day, pursuant to a lawful warrant, the police conducted a search of appellant's home. The police found 17.2 grams of methamphetamine, a jar of marijuana seeds and a growing season log. All of these transactions were part of an ongoing criminal investigation which apparently ended in September of 1984.

The appellant was arrested and charged with drug offenses relating only to the delivery made by Mark Much. On October 10, 1985, the Honorable Rita Prescott granted appellant's motion for disposition of probation without verdict under Section 17 of the Drug Act.[1] An appeal by the Commonwealth was dismissed by this Court on procedural grounds.[2]

On October 16, 1985, only six days after the Section 17 disposition, a supplemental report was filed indicating that appellant was given probation under Section 17 of the Drug Act. This was the only entry made to this file since the investigation ended in September of 1984. On October 19, 1985, the complaint and affidavit of probable cause in the instant matter was filed. Appellant was charged with possession and possession with intent to deliver related to the June 12th and August 8th sales and the September 18th search. Appellant filed a motion to dismiss, which was denied.

On April 24, 1986, after a stipulated non-jury trial, the appellant was convicted of possession of a controlled substance with intent to deliver or manufacture. The appellant requested disposition under Section 17 of the Drug Act, which was denied following a hearing. Timely post-verdict motions were filed, argued and denied.

1. 35 Pa.S. § 780–117.
2. *Commonwealth v. Rocco,* 362 Pa.Super. 259, 523 A.2d 1181 (1987).

On July 30, 1986, the Honorable Clement J. McGovern, Jr. sentenced the appellant to consecutive sentences consisting of not less than six (6) months nor more than twenty-three (23) months, and five years county probation on each of the three convictions respectively. On August 7, 1986, Judge McGovern granted the appellant's motion for reconsideration and vacated the sentence of July 30, 1986. Argument was heard on September 5, 1986. Thereafter, on March 30, 1987, the previous sentence was reimposed. This timely appeal followed.

## I.

Appellant's first argument is that the trial court erred in not granting his motion to dismiss based upon prosecutorial vindictiveness. Appellant maintains that the present charges and the previous charges brought against him constitute a single criminal episode and as such should have been brought together. Appellant claims that the present charges were brought because the prosecution was dissatisfied with the perceived lenience of the disposition of the first charge under Section 17. As a result of the prosecution's handling of this matter, appellant asserts that he was denied the right to seek disposition under Section 17 for all charges. Therefore, he claims that the case should be dismissed based on prosecutorial vindictiveness.

## A.

The Supreme Court cases dealing with vindictive prosecution have recognized two distinct situations in which the appearance of vindictiveness may require inquiry and judicial intervention. The first is where a prosecutive decision is based on discriminatory grounds of race, religion, national origin or other impermissible classification. *See e.g. Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). The other situation is where the accused is treated more harshly because he has successfully exercised a lawful right, *e.g.* the right to seek a new trial. *See e.g. Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40

L.Ed.2d 628 (1974); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We find this case to be analogous to the latter situation.

In *North Carolina v. Pearce, supra,* appellant Pearce argued successfully that due to vindictiveness the trial court had sentenced him more harshly, after a successful appeal and reconviction. The Supreme Court held that imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal or collateral remedy would be ... a violation of due process of law. *Id.* at 724, 89 S.Ct. at 2080, 23 L.Ed.2d at 668.

In *Blackledge v. Perry, supra,* the court again addressed the vindictiveness issue relating to the imposition of harsher sentence following retrial and reconviction. In that case, however, the impetus for the harsher sentence came not from the bench but from the actions of the prosecutor. Perry was found guilty of assault with a deadly weapon, a misdemeanor. He exercised his right, under North Carolina law, to a trial *de novo* in Superior Court. While Perry awaited trial, he was reindicted for assault with a deadly weapon with intent to kill and inflict serious bodily injury, a felony. The second indictment was based on the same facts as the first. On a writ of habeas corpus, Perry alleged that the indictment for the more serious felony charge was in retaliation for his seeking *de novo* review of his original misdemeanor conviction. The Supreme Court agreed, noting:

> A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo*, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to significantly increased potential period of incarceration.

*Id.* 417 U.S. at 28, 94 S.Ct. at 2102, 40 L.Ed.2d at 634 (citations omitted). *See also Lovett v. Butterworth,* 610 F.2d 1002 (1st Cir.1979); *United States v. DeMarco,* 550 F.2d 1224 (9th Cir.1977).

We perceive these cases stand for the general proposition that defendants may not be coerced into foregoing lawful

rights (constitutional, statutory, or procedural) by instilling fear that a harsher penalty may be imposed *in retaliation for pursuance of those rights.*

In *Pearce* and *Blackledge,* the Supreme Court presumed that the increased sentence and charge were the products of actual vindictiveness aroused by the defendants' appeals. It held that the defendants' rights to due process were violated, not because the sentence and charge were enhanced, but because there was no evidence introduced to rebut the presumption that actual vindictiveness was behind the increases; in other words, by operation of law, the increases were deemed to have been motivated by vindictiveness. *See Wasman v. United States,* 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).

In subsequent cases applying *Pearce,* however, the Supreme Court has made clear that due process does not forbid enhanced sentence or charges; rather, only enhancement motivated by actual vindictiveness toward the defendant for having exercised his legal rights is forbidden. *See United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (presumption of prosecutorial vindictiveness not warranted where defendant charged with felony after refusing to plead guilty to misdemeanor charges; prosecutor's charging decision made before trial is less likely to be improperly motivated than decision made after trial); *Bordenkircher, supra* (Due Process Clause of the Fourteenth Amendment did not prohibit a prosecutor from carrying out a threat made during plea negotiations, to bring additional charges against an accused who refused to plead guilty to the offense with which he was originally charged; there is no such presumption of vindictiveness in the "give and take" of plea negotiations, so long as the accused is free to accept or reject prosecution's offer); *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) (imposition of a higher sentence by a different sentencing jury on reconviction was not a product of vindictiveness); *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) (the possibility of vindic-

tiveness, found in *Pearce,* is not inherent in the Kentucky two tier system, where the court which imposed the increased sentence after retrial was not the one whose original judgment had prompted an appellate reversal); *Commonwealth v. Mikesell,* 371 Pa. 209, 537 A.2d 1372 (1988) (murder defendant failed to establish that imposition of two life terms to run consecutively following third trial, while second trial before different judge resulted in sentence of two life terms to run concurrently, was result of actual vindictiveness on part of third trial judge).

The following general rule may be derived from the foregoing cases. If the defendant establishes facts which demonstrate the probability that an adverse action by the prosecution or the court has been motivated by vindictiveness in retaliation for the successful exercise of the defendant's legal rights *rather than for some other legitimate cause,* then a presumption of prosecutorial vindictiveness arises which the Commonwealth must rebut with evidence of a legitimate explanation for the challenged conduct; the key to whether the presumption arises in a given case will be the factual circumstances in which the challenged action occurred.

If a prosecutor offers to accept a plea to charges lower than may be properly filed against an accused, no probability of vindictiveness arises from the fact that the prosecutor files the higher charges after the plea bargain is rejected. *Bordenkircher, supra.* If the trial court grants a retrial and later a different sentencing authority imposes a higher sentence following reconviction, no probability of vindictiveness would arise as a legitimate (non-vindictive) explanation is apparent, *i.e.* different sentencing authorities viewed the sentencing factors differently, and the second sentencing authority had no direct relationship to the prior sentence which had been set aside. *Texas v. McCullough,* 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986); *Commonwealth v. Mikesell, supra.* On the other hand, if after reversal of judgment of sentence by an appellate court, the same trial judge based upon the same operative facts imposes an

enhanced sentence, a probability of vindictiveness is shown. *Pearce; cf. Blackledge.*

### B.

■ Keeping in mind these principles, we now consider whether the presumption of prosecutorial vindictiveness applies to the matter before us. In the present case, appellant was arrested and charged with possession of a controlled substance with intent to deliver. Appellant requested disposition under Section 17, which was granted by Judge Prescott on October 9, 1985. Shortly thereafter, the present charges, which arose out of the same criminal investigation as the original charge, were filed against appellant. Appellant was convicted and sentenced to a term of imprisonment.

The law in Pennsylvania recognizes that the prosecutor is under no compulsion to prosecute every alleged offender, and the decision to prosecute or not to prosecute is a matter within his broad discretion. *See Commonwealth v. Malloy*, 304 Pa.Super. 297, 450 A.2d 689 (1982); *see also Commonwealth v. Stinnett*, 356 Pa.Super. 83, 95–6, 514 A.2d 154, 160–61 (1986) (discussing prosecutor's broad discretion generally). In this matter, however, all of the charges brought against appellant arose out of the same factual nucleus. The discovery of the acts of appellant were obtained through a continuing undercover investigation by one team of prosecutorial agents. All the information relating to the present charges was available to the prosecution at the time the prior charges were filed. As such, the illegal conduct constituted a single criminal episode, which would have been subject to compulsory joinder had all of the charges been filed at one time. 18 Pa.C.S.A. § 110; *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983); *Commonwealth v. Kaminski*, 342 Pa.Super. 37, 492 A.2d 51 (1985). Had there been one trial on all the charges, appellant would have been a candidate for disposition under Section 17, because collectively all of the offenses charged

would have constituted his first offense under 35 Pa.C.S.A. § 780–117(1).[3]

Here, as in *Pearce, Blackledge* and *DeMarco*, the prosecution's conduct has the deleterious effect of discouraging defendants from exercising a lawful right (in this case the statutory right to apply for probation without verdict under Section 17) for fear of prosecutorial retaliation. Due process requires that a defendant be freed of apprehension of such retaliatory motivation on the part of the prosecutor; therefore, we find the facts of this case support a reasonable inference that vindictiveness on the part of the prosecutor probably motivated the filing of the present charges and therefore we find that the presumption of vindictiveness applies. *Compare United States v. Groves*, 571 F.2d 450 (9th Cir.1978) (reversed and dismissed charge where the defendant was indicted for marijuana smuggling shortly after he was successful in securing dismissal of a cocaine charge, arising out of the same factual circumstances, pursuant to the Speedy Trial Act); *Wynn v. United States*, 386 A.2d 695 (D.C.App.1978) (found prosecutorial vindictiveness when the original criminal information was dismissed without prejudice for lack of speedy trial and new informations were filed for the same offense with addition of new charges arising out of the same factual situation).

## C.

■ The presumption of vindictiveness, however, is rebuttable. *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986); *Wasman, supra*. The trial court's disposition of this issue below made it unnecessary for the Commonwealth to show that their actions were not motivat-

3. We note that had appellant not applied for the special Section 17 disposition without conviction, the conviction or acquittal on the first charges would have barred prosecution of the present charges under 18 Pa.C.S.A. § 110. We also note, however, that we express no opinion at this juncture whether a Section 17 disposition *as to all of the charges* would have been appropriate. At this juncture, we address only the question of whether the facts give rise to a legitimate presumption that prosecutorial vindictiveness denied appellant the opportunity *to apply* for such a disposition.

ed by vindictiveness; our disposition, on the other hand, makes such a showing necessary. Therefore, we remand this matter for an evidentiary hearing to allow the prosecution the opportunity to rebut the presumption of vindictiveness which arises in the instant case.

## II.

Appellant's two remaining contentions are rendered moot in light of our disposition of the first issue. However, in anticipation of the possibility that the prosecutor may successfully rebut the presumption of vindictiveness on remand and resentencing may be required, we briefly address appellant's remaining contentions.

■ First, we note that disposition under Section 17 is wholly discretionary and that any evidence relevant in a sentencing hearing generally is equally relevant in determining whether to permit a Section 17 disposition. As such, there was no abuse of discretion by the trial court in admitting into evidence at a Section 17 hearing evidence concerning the sale and distribution of drugs by appellant. *See also Commonwealth v. Darden*, 366 Pa.Super. 597, 531 A.2d 1144 (1987); *Commonwealth v. Ruffo*, 360 Pa.Super. 180, 520 A.2d 43 (1987).

■ Second, we note that any error in this respect would have been harmless. Subsection (3) of Section 780–117 specifically provides that "... probation without verdict shall be available to any person only once...." 35 Pa.S.A. § 780–117(3). As appellant was clearly ineligible for a second such disposition, the trial court did not (and could not in the future) err in denying a request for such a disposition.

## CONCLUSION

Judgment of sentence vacated and remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

McEWEN, J., files a concurring and dissenting statement.

McEWEN, Judge, concurring and dissenting:

Since I have such respect for the wisdom of my colleagues who compose the majority, I hasten to emphasize that I do not differ with the careful analysis nor the sound rationale of the majority. Rather, my disagreement is restricted to the conclusion I draw from the record before us, and the disposition commanded by that conclusion. Specifically, I am of a mind that the initiation by the district attorney of the subsequent prosecution was a patently retaliatory measure, and, thereby, the presumption of vindictiveness so irrebuttable that no purpose can be served by remanding for a hearing upon that issue.