562 A.2d 894

**COMMONWEALTH of Pennsylvania**

v.

**Nicholas J. SEMUTA, Appellant.**

Superior Court of Pennsylvania.

Submitted May 1, 1989.

Filed July 31, 1989.

Petition for Allowance of Appeal
Denied Dec. 8, 1989.

---

256

Deborah K. Hoff, Waynesboro, for appellant.

Gregory L. Lensbower, Asst. Dist. Atty., Chambersburg, for the Com., appellee.

Before ROWLEY, MONTEMURO and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a judgment of sentence. Appellant, Nicholas J. Semuta, entered a plea of guilty on September 2, 1987 to a charge of possession of a small amount of marijuana.[1] On appeal, appellant now posits that he was improperly denied probation without verdict pursuant to section 17 of the Controlled Substance, Drug, Device and Cosmetic Act.[2] We disagree and affirm the lower court's judgment of sentence.

The lengthy procedural posture of the instant case is as follows. Appellant entered a plea of guilty on September 2, 1987 to a charge of possession of a small amount of marijuana. On September 30, 1987, appellant requested disposition by probation without verdict. As a prerequisite to granting probation without verdict, the lower court required appellant to submit to urinalysis testing and to test negative. Appellant declined to participate in this testing. Subsequently, the court denied appellant's request for probation without verdict and sentenced him to thirty (30) days probation with appellant paying the costs of prosecution

---

1. 35 P.S. § 780–113(a)(31).
2. *Id.* § 780–117.

and three hundred ($300.00) dollars to the Franklin County Law Library.

On October 12, 1987, appellant filed a motion for modification of sentence. The lower court vacated appellant's sentence on October 20, 1987 and held a hearing on this motion on November 12, 1987. At this hearing, the court offered to grant appellant probation without verdict on the condition that he serve six (6) months probation and pay a fine of five hundred ($500.00) dollars. Appellant also rejected this offer. Subsequently, the court denied his second request for probation without verdict and reinstated the sentence imposed on September 30, 1987. Appellant filed a motion for modification of this sentence which the lower court denied on November 16, 1987. Appellant then filed an appeal to this court.

On February 18, 1988, we entered an order deeming appellant's appeal waived pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. Appellant subsequently filed a petition for allowance of appeal with our state supreme court. On December 9, 1988, the Pennsylvania Supreme Court, 520 Pa. 74, 550 A.2d 1317 vacated our order of February 18, 1988 and remanded this case to us for disposition on its merits. Thus, we address the merits of appellant's appeal as follows.

Appellant presents five issues for our review. First, appellant contends that his sentence is not appropriate with regard to section 9781(b) of the Sentencing Code.[3] Second, appellant argues that a requirement that he undergo drug testing at the time of disposition to establish non-use of any controlled substance is impermissible, unreasonable and discordant with the statutory intent of the probation without verdict section. Third, appellant proposes that the Enzyme Multiplied Immunoassay Technique test (hereinafter referred to as the "EMIT" test) does not have an established accuracy necessary to enable a sentencing court to deter-

3. 42 Pa.C.S.A. § 9781(b).

mine whether an accused is drug free.[4] Fourth, appellant alleges that the sentencing court erred in offering probation without verdict to him on the conditions that he undergo probation for a period in excess of the statutory maximum sentence and that he pay a fine in excess of the fine imposed for probation without verdict. Finally, appellant argues that the sentencing court abused its discretion in denying him probation without verdict in light of similar dispositions of the court. For the reasons outlined below, we reject all of appellant's contentions.

■ With regard to appellant's first argument, we note that the right to appeal from a discretionary aspect of sentence is not absolute. In *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), the Pennsylvania Supreme Court held that such an appeal should comply with Pa.R.A.P., Rule 2119(f), 42 Pa.C.S.A. and section 9781(b) of the Sentencing Code. Rule 2119(f) provides that an appellant "shall set forth in his brief a concise statement of the reasons relied upon for the allowance of appeal with respect to the discretionary aspects of sentence." Section 9781(b) states as follows:

(b) Allowance of appeal. The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

In the instant case, appellant has complied with the mandate of Rule 2119(f).

---

**4.** In the instant case, appellant contests the validity of "EMIT drug testing." Our careful scrutiny of the lower court record as well as the parties' briefs failed to reveal whether the term "EMIT" refers to a specific method of urinalysis or a commercial trade name. Reviewing contemporary drug testing methods, however, we have discovered that the term "EMIT" is a common acronym for the Enzyme Multiplied Immunoassay Technique test.

■ Next, we must determine whether the issue appellant has raised presents a substantial question with regard to section 9781(b) of the Sentencing Code. The determination of whether a particular issue constitutes a "substantial question" can only be evaluated on a case by case basis. *Commonwealth v. House,* 371 Pa.Super. 23, 30, 537 A.2d 361, 364 (1988). It is appropriate to allow an appeal "where an appellant advances a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Losch,* 369 Pa.Super. 192, 201–201 n. 7, 535 A.2d 115, 119–120 n. 7 (1987). Reviewing the pertinent materials, we do not find that the issues advanced by appellant constitute a substantial question.

Appellant's "substantial question" argument incorporates each of his aforementioned issues presented on appeal. First, appellant queries whether a sentencing court may require a defendant to be a non-user of controlled substances to be eligible for probation without verdict. Second, appellant questions whether a sentencing court may disqualify a defendant from a disposition of probation without verdict due to the accused refusal to submit to EMIT urinalysis testing. Finally, appellant asks whether the lower court in this case abused its discretion in denying him probation without verdict despite the fact that he had no previous criminal record and was certified eligible by the Department of Health. Within this last sub-issue, appellant noted that the court had previously admitted other similarly situated young offenders to probation without verdict status absent any demonstration of non-drug use.

■ Sentencing is a matter within the sound discretion of the trial court and will not be disturbed unless it is outside the statutory limits or manifestly excessive so as to inflict too severe a punishment. *Commonwealth v. Cruz Ortega,* 372 Pa.Super. 389, 539 A.2d 849 (1988). Absent an abuse of discretion, a sentence will not be disturbed on appeal.

*Commonwealth v. Desabetino,* 369 Pa.Super. 300, 306, 535 A.2d 169 (1987).

In *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988), our supreme court rejected a hyper-technical approach to appellate analysis of the actions of a sentencing judge. The supreme court has strongly indicated that where the record demonstrates that the lower court was aware of the relevant sentencing considerations and attempted to weigh them appropriately, appellate courts are not free to interfere arbitrarily. *Id.,* 519 Pa. at 102, 546 A.2d at 18. This is particularly so where a pre-sentence report exists. *Devers, supra.* Such is the case here.

In the case *sub judice,* the lower court stated on the record that it utilized a pre-sentence report prior to sentencing. During sentencing, the lower court acknowledged appellant's educational background and the fact that he had no prior criminal record. However, the court also expressed concern with appellant's statement in the pre-sentence report that he had smoked marijuana at least once after his arrest. The lower court concluded in its opinion that appellant was not worthy of probation without verdict and implied that appellant required a more thorough disposition to reinforce the seriousness of his actions.

Appellant, citing our decision in *Commonwealth v. Rocco,* 362 Pa.Super. 259, 523 A.2d 1181 (1987), argues that his subsequent drug use was improperly considered by the lower court in denying his request for probation without verdict. In *Rocco,* we failed to find a substantial question that the lower court's sentence of probation without verdict was inappropriate. We further noted in *Rocco* that appellant was eligible for the pertinent sentence because he was a first time offender and because the Commonwealth could not prove that the accused was not a drug abuser.

■ Reviewing the progeny of *Rocco,* we find that the appellant in that case was convicted of possession of a controlled substance with the intent to deliver or manufacture. 35 P.S. § 780–113(a)(30). *See Commonwealth v. Rocco,* 375 Pa.Super. 330, 544 A.2d 496 (1988). In contrast,

appellant in the instant case pled guilty to possession of a small amount of marijuana. 35 P.S. § 780–113(a)(31). While a trial court may grant a defendant probation without verdict with regard to either offense, our review of the statute reveals that the availability of this disposition varies with regard to each. The probation without verdict statute states as follows:

A person may be entitled to probation without verdict under the following circumstances:

(1) A person who has not previously been convicted of an offense under this act or under a similar act of the United States, or any other state, is eligible for probation without verdict if he pleads nolo contendere or guilty to, or is found guilty of, any nonviolent offense under this act. The court may, without entering a judgment, and with the consent of such person, defer further proceedings and place him on probation for a specific time period not to exceed the maximum for the offense upon such reasonable terms and conditions as it may require. *Probation without verdict shall not be available to any person who is charged with violating clause (30) of section 13 of this act and who is not himself a drug abuser and who does not prove the fact of such drug abuse to the satisfaction of the court.* (emphasis added)

Thus, a person charged with a violation of possession with intent to deliver, like the appellant in *Rocco,* must prove to the court that he or she is a drug abuser to attain eligibility for a disposition of probation without verdict. The statute does not, however, require an individual convicted of possession of marijuana to prove drug abuse in order to attain eligibility for a disposition of probation without verdict.

 In sum, the lower court in the case *sub judice* correctly noted that appellant was eligible for probation without verdict but that there was no guarantee that he would automatically receive such a disposition. The probation without verdict section of the Controlled Substance, Drug, Device and Cosmetic Act clearly states that "a person *may* be entitled to probation without verdict ... (em-

phasis added)." We interpret this to mean that it is within a court's discretion to offer a defendant such a disposition but that there is no affirmative obligation upon a court to do so. Therefore, the lower court in this case was under no obligation to offer appellant probation without verdict.

■ Appellant was sentenced to a term of probation for thirty (30) days and was required to pay the costs of prosecution and the sum of three hundred ($300.00) dollars for library fees. While appellant was eligible for probation without verdict, the court declined to offer such a disposition. Reviewing 35 P.S. 780–113(g), the court was empowered to sentence appellant up to thirty (30) days imprisonment and a fine not exceeding five hundred ($500.00) dollars for possession of a small amount of marijuana. Thus, while appellant did not receive the disposition he requested, the sentence imposed in the instant case was well within the guidelines set forth in 35 P.S. 780–113(g). Therefore, we find no abuse of discretion and no substantial question upon which we can permit appellant to appeal this issue.

■ We also reject appellant's contention that the lower court abused its discretion in denying him a disposition of probation without verdict in light of the court's other dispositions. First, we note that appellant does not present any evidence of other dispositions of the lower court. Regardless, we find for the aforementioned reasons that appellant's sentence was well within the statutory limits for possession of a small amount of marijuana.

■ Appellant's remaining contentions need not be addressed due our resolution of the aforementioned issue. The lower court in the instant case properly exercised its discretion to deny appellant's request for probation without verdict. Therefore, appellant's allegations regarding drug testing are moot because the court neither tested the accused or granted his request for probation without verdict.[5]

5. While appellant's argument concerning the legality of drug testing as a condition precedent to receiving a disposition probation without verdict is not properly before this court, our review of section 780–117 suggests that such a pre-sentence procedure may be permissible. Our

Similarly, appellant's contentions concerning a rejected disposition of probation for a period in excess of the statutory maximum sentence and a fine in excess of the fine imposed for section 780–117 are also moot.

Accordingly, the lower court's judgment of sentence is affirmed.

reading of the statute reveals that a court may place a defendant "on probation for a specific time period not to exceed the maximum for the offense *upon such reasonable terms and conditions as it may require.*" (emphasis added). Thus, it appears that drug testing may constitute a reasonable condition precedent to a disposition of probation without verdict.