573 A.2d 1147

**COMMONWEALTH of Pennsylvania**

v.

**Charles W. SHIELDS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 18, 1989.

Filed May 9, 1990.

David C. Wertime, Chambersburg, for appellant.

John M. Lisko, Waynesboro, for appellee.

Before CAVANAUGH, WIEAND and KELLY, JJ.

WIEAND, Judge:

Charles W. Shields, Jr. entered a plea of guilty to possession of a small amount of marijuana. At sentencing, he requested that he be placed on probation without verdict, as permitted by Section 17 of the Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L.233, as amended, 35 P.S. § 780–117.[1] The trial court denied his request, placed Shields on probation for thirty (30) days and ordered him to pay in lieu of a fine the sum of two hundred

1. Probation without verdict had been recommended by the probation officer who made a pre-sentence investigation for the court.

($200.00) dollars. A motion for reconsideration of the sentence was denied, and Shields filed the instant appeal. He asks that we review his sentence and find that the trial court abused its discretion by denying his request for probation without verdict. There was an abuse of discretion, he argues, because the trial court's denial of probation without verdict was based solely and improperly on the fact that appellant had not entered his guilty plea until after the court's time had been spent in hearing a pre-trial motion to suppress the marijuana found in appellant's possession.[2] This is a substantial issue; and, therefore, we allow the appeal.

Appellant did not have a *right* to be placed on probation without verdict. Whether to grant his request for probation without verdict was discretionary with the trial court. *Commonwealth v. Rocco*, 362 Pa.Super. 259, 523 A.2d 1181 (1987). It follows that a trial court's denial of a petition for probation without verdict will not be reversed on appeal unless there has been an abuse of discretion.

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied, or where the record shows that the action taken is a result of partiality, prejudice, bias or ill will.

28 P.L.E. **New Trial** § 1.

We are constrained to conclude that it was an abuse of discretion for the trial court to deny appellant's request for

2. The record confirms that the trial court denied probation without verdict because the defendant had filed a motion to suppress evidence, which required a hearing.

probation without verdict solely because appellant had exercised his right to test the propriety of the seizure of marijuana from his person. Contrary to the trial court's belief, the creation of probation without verdict was not intended primarily to encourage defendants to plead guilty. By the specific language of Section 17 of the statute, a person is eligible for probation without verdict "if he pleads nolo contendere or guilty to, *or is found guilty of,* any nonviolent offense under this act." 35 P.S. § 780–117(1) (emphasis added). A more significant purpose of the statute was to encourage the rehabilitation of minor drug offenders to the end that they would mend their ways and abstain from the future use of substances which were deemed harmful to the user and to society.[3] In any event, probation without verdict is not to be denied merely because the offender has inconvenienced a trial court by filing a pre-trial motion to suppress evidence. Cf. *Commonwealth v. Bethea,* 474 Pa. 571, 379 A.2d 102 (1977) (improper to impose more severe sentence because defendant chose to stand trial rather than plead guilty).

Because the trial court abused its discretion, we will remand for resentencing. We do not thereby imply that appellant's request for probation without verdict should be granted. We hold only that probation without verdict may not be denied merely because appellant filed a pre-trial motion to suppress evidence. In determining whether appellant should be granted probation without verdict or should be otherwise sentenced, the trial court must take into consideration the pre-sentence investigation which it ordered and all those factors which are relevant in determining an appropriate sentence for a person with appellant's attributes and history who has committed the offense of possessing a small amount of marijuana under the circumstances present in this case.

3. In view of the proportions of the current drug epidemic and the societal consequences thereof, the reader can decide for himself or herself whether the legislative provision for probation without verdict is a realistic approach to a serious problem.

The judgment of sentence is vacated, and the case is remanded for resentencing in a manner consistent with the foregoing opinion.

KELLY, J., files a concurring statement.

KELLY, Judge, concurring:

There is a fine distinction to be drawn between showing lenience to the penitent offender who acknowledges guilt, and improperly penalizing a defendant who stands upon his constitutional right to have his guilt proved. Nonetheless, I agree with the majority that the trial court improperly focused on judicial economy considerations in construing 35 P.S. § 780–117(1).

I emphasize, however, that the discretion remains with the trial court to grant or deny the probation without verdict option. Subject to the minimal restrictions expressed in the majority opinion, that discretion remains broad.

I further emphasize that I read nothing in the majority opinion to require a trial court to *grant* such a disposition in *any* case. The legislature has granted discretion *to the trial court;* that discretion may be exercised by denying such dispositions in all cases, or in all but the most mitigated and extenuated cases without offending that authorization.

With these observations noted, I join the majority opinion.