## Commonwealth v. Shuman

C.P. of Berks County, no. CP-06-CR-2452/05.

*Jeffrey Zielinski, assistant district attorney,* for Commonwealth.
*Eric J. Taylor,* for defendant.

PARISI, *J.,* March 13, 2007—On August 17, 2006, a jury found the defendant guilty of solicitation to commit murder and solicitation to commit kidnapping. On October 6, 2006, defendant was sentenced to a total term of confinement of not less than six years nor more than 15 years imprisonment in a state correctional facility. On November 9, 2006, this court denied defendant's post-sentence motions for relief.

On December 8, 2006, the defendant filed a notice of appeal to the Superior Court of Pennsylvania. This court ordered defendant to file a concise statement of matters complained of on appeal. On December 13, 2006, this court granted defendant an extension of time to file his concise

statement. On January 23, 2007, defendant filed his concise statement of matters complained of on appeal. The following issues are set forth for appellate review:

(1) The lower court erred by denying appellant's motion to suppress the Commonwealth's two April 14, 2005 wiretaps, where the Commonwealth's wiretap search warrant application was based upon illegal recordings done by Melissa Landrio that violated Pennsylvania law because both parties did not consent to the recordings and because the application did not include the criminal record of David Short.

(2) The lower court erred by denying appellant's motion to suppress the Commonwealth's two April 14, 2005 wiretaps, because the Commonwealth failed to comply with the custodial provisions of the Wiretap Act because its tapes were in the possession of Trooper Hess, who was not certified under the Wiretap Act.

(3) The lower court erred by denying appellant's motion to suppress the Commonwealth's two April 14, 2005 wiretaps, because Trooper Volchko disposed of one of the recordings on his own without providing it to the assistant district attorney.

(4) The lower court erred by denying appellant's motion to suppress Melissa Landrio's April 14, 2005 wiretaps, because David Short was by then working as an agent of the Commonwealth.

(5) The lower court erred by denying appellant's motion to suppress the two April 14, 2005 wiretaps by the Commonwealth, because the consent was provided for the Berks County detectives to perform the wiretaps, not the Pennsylvania State Police, who ultimately performed the wiretap recordings.

(6) The lower court erred by denying appellant's motion to suppress photographs, Kodak picture paper, and a digital camera, respectively items 2, 11 and 12 in the search warrant receipt/inventory, which were seized by the police pursuant to the execution of the search warrant, where these items were not identified in the search warrant and could not be otherwise seized.

(7) The trial court erred in admitting David Short's and Corporal Rafael Rodriguez' speculative opinion testimony that appellant had changed his perspective in one of his conversations, that appellant had changed his tone from a previous conversation, and that appellant wanted a person killed. J.T. at 152-62, 174-260.

(8) The trial court erred in permitting Glenn Muthersbaugh to testify where his testimony was irrelevant and the trial court erred specifically where it permitted Muthersbaugh to answer the Commonwealth's question of Muthersbaugh's actions in response to hearing that somebody was trying to arrange for his death, which was also irrelevant. J.T. at 54-59, 63-64.

(9) The trial court erred in denying appellant's proposed jury charge 3.02(a), corpus delecti, to instruct the jury that it must first determine that a crime had occurred before it could consider appellant's statement. J.T. at 387-91, 418-19.

(10) The sentencing court abused its discretion by entering a manifestly excessive and clearly unreasonable sentence for criminal trespass,[1] where the sentence vio-

___

1. This court notes that the defendant was neither charged nor sentenced for criminal trespass as raised by defense counsel. Defendant was charged and sentenced to criminal solicitation to commit murder.

lated the Sentencing Code, where the trial court ignored the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the appellant's individual rehabilitative needs and his mitigating circumstances, including the facts of the case, and where the sentences were within the sentencing guidelines but the application of the guidelines would be clearly unreasonable.

The defendant's first claim on appeal is that the lower court erred by denying appellant's motion to suppress the Commonwealth's two April 14, 2005 wiretaps, where the Commonwealth's wiretap search warrant application was based upon illegal recordings done by Melissa Landrio that violated Pennsylvania law because both parties did not consent to the recordings and because the application did not include the criminal record of David Short.

In relevant part, pursuant to the Pennsylvania Wiretapping and Electronic Surveillance Control Act, an assistant district attorney designated in writing by the district attorney of the county wherein the suspected criminal activity has been, is, or is about to occur, may make written application for an order authorizing the interception of a wire, electronic or oral communication by the investigative or law enforcement officers or agency having responsibility for an investigation involving suspected criminal activities when such interception may provide evidence of the commission of any of certain offenses, including solicitation to commit criminal homicide, or may provide evidence aiding in the apprehension of the perpetrator or perpetrators. 18 Pa.C.S. §5708.

Here, Trooper William Volchko made a written request for approval of a wiretap authorization based upon information that he and Trooper Hess had received from Melissa Landrio. Landrio had taped a series of phone conversations while the defendant was in Pennsylvania and the other party, David Short, was likely in Texas.[2] Landrio was in New York when she taped the conversations and she testified that no one ever told her to make the tapes; she began taping because she was fearful that someone was going to be hurt. Mr. Short consented to being taped.

The Pennsylvania Wiretapping and Electronic Surveillance Control Act protects people from unlawful interceptions of communications. The statute requires that for a person to intercept a wire, electronic or oral communication, all parties to the communication must have given prior consent to such interception. 18 Pa.C.S. §5704(4). Chapter 16 of the Texas Penal Code requires that one of the parties to a communication has given consent prior to the interception. V.T.C.A., Penal Code 16.02(c)(3)(A). New York Penal Law holds that the recording of a telephonic communication by a person other than a sender or receiver, without the consent of either the sender or receiver, is a felony. This court finds that the law of New York, where the recordings were made, is the applicable law. As both David Short and Melissa Landrio consented to the taping, this meets the one party consent require-

2. Short claimed to be in Texas at the time. There is no independent evidence as to where Short was physically situated. Short clearly is a manipulator and a liar. However, the court found Short reliable as to the issue of his location.

ments of New York law and therefore was legal. The application was sufficient and there was no error.

Defendant's second claim on appeal is that the lower court erred by denying appellant's motion to suppress the Commonwealth's two April 14, 2005 wiretaps, because the Commonwealth failed to comply with the custodial provisions of the Wiretap Act because its tapes were in the possession of Trooper Hess, who was not certified under the Wiretap Act.

Interception authorized under 18 Pa.C.S. §5704(2)(ii) is subject to the recording and record keeping requirements of section 5714(a) (relating to recording of intercepted communications) and indicates that the attorney general, deputy attorney general, district attorney or assistant district attorney authorizing the interception shall be the custodian of recorded evidence obtained.

The tapes recorded in this matter on April 14, 2005, a tape-recorded telephone call and the conversation between defendant and Rodriguez were not given to the district attorney until April 28, 2005. From the time of the recording until the delivery to the district attorney, the tapes were held in the possession of State Police Trooper Hess.

The Wiretap Act provides for the exclusion of any wire, electronic or oral communication, or evidence derived therefrom on enumerated grounds. 18 Pa.C.S. §5721.1(b). However, the applicable statutory exclusionary rule, 18 Pa.C.S. §5721.1(b), does not enumerate violation of the custody requirement for one-party consensual intercepts. 18 Pa.C.S. §5704(2)(ii). Moreover, section 5704(2)(ii) designates the prosecutor who approved the interception as the custodian of the recordings; there is no require-

ment that he or she take physical possession at any specified time, contrasting the explicit requirements respecting transfer and custody of recordings involving non-consensual interceptions. See 18 Pa.C.S. §5714(b); *Commonwealth v. Spangler,* 570 Pa. 226, 809 A.2d 234 (2002).

The interceptions presently before the court were consented to by one of the parties and were therefore obtained pursuant to the exception in section 5704(2)(ii). Although such provision requires the prosecutor authorizing the interception serve as the custodian of the recorded evidence, it does not impose a time frame for transfer or further elaborate upon this obligation. This omission, while in contrast to other statutory provisions that impose time constraints, see *e.g.,* 18 Pa.C.S. §5714(b) (requiring immediate transfer and sealing for non-consensual interceptions); 18 U.S.C. §2518(8)(a) (same), is consistent with the different degrees of caution to be exercised based upon the existence of consent. For non-consensual interceptions, the immediacy and sealing requirements are deemed necessary to protect privacy/ confidentiality, prevent editing or alteration, and aid in establishing a chain of custody.[3] On the other hand, while concern with the integrity of recorded evidence also ex-

---

3. See generally, *United States v. Ojeda Rios,* 495 U.S. 257, 263, 110 S.Ct. 1845, 1849, 109 L.Ed.2d 224 (1990) (construing the custody and sealing provision as reflecting a congressional purpose to ensure the reliability and integrity of evidence obtained by electronic interception); *United States v. Cantor,* 470 F.2d 890, 892 (3d Cir. 1972) (describing the federal custody and sealing provision as indicating a concern for confidentiality); *United States v. Kohne,* 358 F. Supp. 1053, 1058 (W.D. Pa. 1973) (identifying confidentiality and chain of custody).

ists in the context of one-party consensual interceptions,[4] the consent of a party to the communication lessens the constitutional concerns related to privacy as compared to those which pertain to non-consensual interceptions. See *Spangler,* 570 Pa. 226, 809 A.2d 234; *Commonwealth v. White,* 401 U.S. 745, 751-52, 91 S.Ct. 1122, 1126 (1971). The absence of a provision for the immediate transfer and sealing of recorded evidence for one-party consensual interceptions under section 5704(2)(ii) is therefore consistent with constitutional privacy considerations. Although the best course of action would have been prompt delivery to the district attorney, the delay is not sufficient to require suppression. Therefore, there was no error in denying suppression.

Defendant's third claim on appeal is that the lower court erred by denying appellant's motion to suppress the Commonwealth's two April 14, 2005 wiretaps, because Trooper Volchko disposed of one of the recordings on his own without providing it to the assistant district attorney.

Here, the state police made, or attempted to make, two recordings of the second conversation on April 14, 2005. One recording was the cassette tape made from the body-recorder and the second recording was a recorder back-up tape attempted from a transmission to the surveillance officer's car. The transmitter tape recording was never given to the assistant district attorney who authorized

---

4. See generally, *United States v. Vancier,* 466 F. Supp. 910, 911 (S.D.N.Y. 1979) (acknowledging that protection of the integrity of recorded evidence applies equally in the circumstance of consensual interceptions, but declining to impose a sealing requirement under the federal wiretap statute).

the interception as required by 18 Pa.C.S. §5704(2)(ii). The police officer testified that the tape was destroyed because it was inaudible and thought to be useless. In addition, the tape was only made as back-up of the recorder on the undercover officer's person and was primarily for safety purposes to ensure the officer was not in danger. Based upon the officer's testimony of the tape's condition and the fact that the tape reported by the trooper was inaudible and was merely an insurance copy of the body recorder in the event it did not work, the existence of the body-recorded tape is sufficient evidence of the conversation and neither the trooper's disposal of the tape, nor this court's denial of suppression of the body wire recording were in error.

Defendant's fourth claim on appeal is that the lower court erred by denying appellant's motion to suppress Melissa Landrio's April 14, 2005 recordings, because David Short was by then working as an agent of the Commonwealth.

The state and federal constitutional limitations on unreasonable searches and seizures apply exclusively to the conduct of persons who are acting as instruments or agents of the state. U.S.C. Const. Amend. 4. "Individual acts do not become imbued with the character of governmental action merely because they are later relied upon and used by the government in furtherance of governmental objectives." *Commonwealth v. Hawkins,* 549 Pa. 352, 377, 701 A.2d 492, 505 (1997). "The mere use by police and prosecutors of the results of an individual's actions does not serve to 'ratify' those actions as conduct of the state." *Commonwealth v. Corley,* 507 Pa. 540, 547, 491 A.2d 829, 832 (1985).

In *Commonwealth v. Harris,* 572 Pa. 489, 817 A.2d 1033 (2002), the court held that the mere fact that a murder defendant's accomplice, Mathias, gave statements to the Commonwealth and ultimately cooperated with the prosecution at defendant's trial did not establish that the accomplice was acting as an agent of the Commonwealth in writing letters to the defendant for purposes of determining admissibility of defendant's responses to such letters. In *Harris,* it was Mathias' uncontroverted testimony that it was his idea alone to copy the letters and turn the copies over to the district attorney.

Similarly, the witness here, David Short, explicitly testified that he did not ask for anyone's permission to tape record his phone conversations with defendant. Even further, Short testified that Trooper Hess instructed Short *to refrain* from any tape recording once police became involved. As such, he was not an agent of the Commonwealth and this claim should be denied.

Defendant's fifth claim on appeal is that the lower court erred by denying appellant's motion to suppress the two April 14, 2005 wiretaps by the Commonwealth, because the consent form indicated that consent was provided for the Berks County detectives to perform the wiretaps, not the Pennsylvania State Police, who ultimately performed the wiretap recordings.

The Pennsylvania Wiretapping and Electronic Surveillance Control Act protects people from unlawful interceptions of communications. Under the applicable statute in this instance, it is required that one of the parties to the communication has given consent prior to the interception. 18 Pa.C.S. §5704(2)(ii).

Here, the Commonwealth tape-recorded two communications between Police Corporal Raphael Rodriguez and defendant on April 14, 2005, under the consent provisions of 18 Pa.C.S. §5704(2)(ii). Raphael Rodriguez signed a waiver form giving consent to be taped. However, the consent form gave consent to allow the Berks County detectives permission to record the calls, rather than the state police. This "form" error does not invalidate Raphael Rodriguez' consent to be taped. As Rodriguez unequivocally testified, his consent would not have changed given the mistake on the waiver form. Additionally, at the beginning of each tape recording, Rodriguez verbalized his consent to be taped. Based upon the totality of the circumstances, this court finds Rodriguez' consent to be taped was based upon a voluntary waiver and was valid consent. As such, the tape-recorded communications between Rodriguez and defendant on April 14, 2005, satisfy the requirement of consent of one of the parties as required under 18 Pa.C.S. §5704(2)(ii). The essential requirements of (1) consent by one party, and (2) prior approval from the district attorney or appropriate representatives of the district attorney, were met. There was no error.

Defendant's sixth claim on appeal is that the lower court erred by denying appellant's motion to suppress photographs, Kodak picture paper, and a digital camera, respectively items 2, 11 and 12 in the search warrant receipt/inventory, which were seized by the police pursuant to the execution of the search warrant, where these items were not identified in the search warrant and could not be otherwise seized.

Courts have held that, while items to be seized shall be set forth as precisely as can be, an exact description

may be impossible. *Commonwealth v. Barba,* 314 Pa. Super. 210, 460 A.2d 1103 (1983). A generic description may suffice. *Id.* Further, although it is often stated that only articles specifically described can be seized, it has been held in this court and others that 'it is permissible to seize things other than those described in the search warrant if they have a reasonable relation to the purpose of the search.' See *United States v. Russo,* 250 F. Supp. 55 (E.D. Pa. 1966); *United States v. Joseph,* 174 F. Supp. 539, 544 (E.D. Pa. 1959), *aff'd,* 278 F.2d 504 (3d Cir. 1960), *cert. denied,* 364 U.S. 823, 81 S.Ct. 59, 5 L.Ed.2d 52 (1960); see also, *Johnson v. United States,* 110 U.S.App.D.C. 351, 293 F.2d 539 (1961), *cert. denied,* 375 U.S. 888, 84 S.Ct. 167, 11 L.Ed.2d 118 (1963).

In this case, items related to the HP photo-smart digital camera and digital images were seized. Each pertained to the criminally related activities. They were therefore properly considered instrumentalities of the crime, and had a sufficient relation to the purpose of the search to allow their seizure and admission into evidence without being specifically described in the warrant. Therefore, the motion to suppress was properly denied. There was no error.

Defendant's seventh claim on appeal is that the trial court erred in admitting David Short's and Corporal Rafael Rodriguez' speculative opinion testimony that appellant had changed his perspective in one of his conversations, that appellant had changed his tone from a previous conversation, and that appellant wanted a person killed. J.T. at 152-62, 174-260.

Similarly, defendant's eighth claim on appeal is that the trial court erred in permitting Glenn Muthersbaugh

to testify where his testimony was irrelevant and the trial court erred specifically where it permitted Muthersbaugh to answer the Commonwealth's question of Muthersbaugh's actions in response to hearing that somebody was trying to arrange for his death, which was also irrelevant. J.T. at 54-59, 63-64.

Generally, "All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401.

In particular, evidence is admissible if it is relevant and its probative value is not outweighed by the danger of unfair prejudice. Pa.R.E. 401 and 403. The admissibility of evidence is vested in the sound discretion of the trial court and is not reversed unless there is an abuse of discretion. *Commonwealth v. Brown,* 839 A.2d 433, 435 (Pa. Super. 2003). A trial court abuses its discretion when it overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will when determining whether to admit evidence. *Id.* Each of the above witnesses' testimony was certainly appropriate and neither speculative nor irrelevant. Therefore, there was no abuse of discretion.

Defendant's ninth claim on appeal is that the trial court erred in denying appellant's proposed jury charge 3.02(a), corpus delecti, to instruct the jury that it must first determine that a crime had occurred before it could consider appellant's statement. J.T. at 387-91, 418-19.

Generally, the charge to the jury must be read as a whole in order to determine if it was fair and not prejudicial. *Commonwealth v. Rodgers,* 459 Pa. 129, 327 A.2d 118 (1974); *Commonwealth v. Fell,* 453 Pa. 531, 309 A.2d 417 (1973); *Commonwealth v. Franklin,* 438 Pa. 411, 265 A.2d 361 (1970).

In reviewing a challenge to the trial court's refusal "to give a specific jury instruction, it is the function of this court to determine whether the record supports the trial court's decision." *Lockhart v. List,* 542 Pa. 141, 147, 665 A.2d 1176, 1179 (1995). A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. *Potochnick v. Perry,* 861 A.2d 277, 283 (Pa. Super. 2004). A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. *Atwell v. Beckwith Machinery Co.,* 872 A.2d 1216, 1222 (Pa. Super. 2005); *Angelo v. Diamontoni,* 871 A.2d 1276, 1279 (Pa. Super. 2005). The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal. *Commonwealth v. Newman,* 382 Pa. Super. 220, 236, 555 A.2d 151, 158-59 (1989).

Here, even if a determination is made that the instructions requested by appellant were not reasonably covered in the charge, this court is of the opinion that any omissions did not affect the outcome of the case. The court addressed appellant's proposed points for

charge and concluded that a reading of proposed instruction 3.02(a), corpus delecti, was not necessary. In the charge, the trial judge referred numerous times to the Commonwealth's burden to prove each and every element of the crime beyond a reasonable doubt. Never did the trial court suggest any other burden of proof or that the defendant bore any burden whatsoever. Based on the charge as a whole, we find it extremely unlikely that the jury perceived that the Commonwealth's burden was ever less than beyond a reasonable doubt. The court's charge accurately reflected the law and was sufficient to guide the jury in its deliberations. See *Cruz v. Northeastern Hospital,* 801 A.2d 602, 611 (Pa. Super. 2002). Accordingly, appellant's ninth claim of trial court error fails.

Defendant's tenth and final claim on appeal is that the sentencing court abused its discretion by entering a manifestly excessive and clearly unreasonable sentence for criminal trespass, where the sentence violated the Sentencing Code, where the trial court ignored the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the appellant's individual rehabilitative needs and his mitigating circumstances, including the facts of the case, and where the sentences were within the sentencing guidelines but the application of the guidelines would be clearly unreasonable.

Initially, this court notes that the defendant was not charged or sentenced for criminal trespass as challenged by defense counsel on appeal. Here, the defendant has been convicted and sentenced for criminal solicitation to commit murder. In this regard, this court addresses

the claim of an unreasonable sentence in relation to the applicable charge.

In challenging the discretionary aspects of a sentence, an appellant must present a substantial question. 42 Pa.C.S. §9781(b). Appellate courts decide if a substantial question is raised on a case-by-case basis. *Commonwealth v. Urrutia,* 439 Pa. Super. 227, 236, 653 A.2d 706, 710 (1995). A substantial question will be found when "an appellant advances a colorable argument that the trial judge's actions were inconsistent with a specific provision of the sentencing code or contrary to fundamental norms which underlie the sentencing process." *Id.* at 236, 653 A.2d at 710. Usually, a "claim of excessiveness when the sentence is within the statutory limits is not a substantial question." *Commonwealth v. Nixon,* 718 A.2d 311, 315 (Pa. Super. 1998). However, even when a sentence is within the statutory guidelines a substantial question can be raised as to excessiveness if the sentence is "so manifestly excessive as to [constitute] too severe a punishment." *Commonwealth v. Mouzon,* 571 Pa. 419, 430, 812 A.2d 617, 624 (2002).

In this case, the defendant claims that that sentencing court abused its discretion in sentencing defendant to a manifestly excessive and unreasonable sentence. If the appellate court finds a substantial question has been raised, the standard for review is well settled. "Sentencing is a matter vested in the sound discretion of the sentencing court whose judgment will not be disturbed . . . absent an abuse of discretion." *Commonwealth v. Harclerode,* 768 A.2d 1132, 1134 (Pa. Super. 2001), quoting *Commonwealth v. Adams,* 760 A.2d 33, 39 (Pa. Super. 2000). Only when a sentence is clearly unreason-

able may an appellate court reverse a sentence that falls within the statutory guidelines. *Commonwealth v. Fenton,* 750 A.2d 863, 867 (Pa. Super. 2000), citing *Commonwealth v. Koren,* 435 Pa. Super. 499, 504, 646 A.2d 1205, 1208 (1994). When reviewing the discretionary aspects of the sentence, the appellate court will reverse only if the "appellant can demonstrate a manifest abuse of discretion by the sentencing judge." *Commonwealth v. Hermanson,* 449 Pa. Super. 443, 447, 674 A.2d 281, 283 (1996), quoting *Commonwealth v. Koren, supra,* at 504, 646 A.2d at 1208. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that "the judgment exercised [was] manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will." *Commonwealth v. Kocher,* 529 Pa. 303, 306, 602 A.2d 1308, 1310 (1992).

When reviewing a sentence, the appellate court gives great weight to the sentencing court's decisions because the sentencing court is in the best position to view the character of the defendant, whether the defendant displayed remorse, defiance, or indifference, and the overall effect and nature of the crime. *Commonwealth v. Viera,* 442 Pa. Super. 348, 360, 659 A.2d 1024, 1030 (1995). "[T]he trial court must consider the character of the defendant and the particular circumstances of the offense in light of the legislative guidelines for sentencing, and the court must impose a sentence that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Commonwealth v. Guth,* 735 A.2d 709, 711 (Pa. Super. 1999), quoting *Commonwealth v. Burkholder,* 719 A.2d 346, 350

(Pa. Super. 1998). Where the record strongly indicates "that the lower court was aware of the relevant sentencing considerations and attempted to weigh them appropriately, appellate courts are not free to interfere arbitrarily." *Commonwealth v. Semuta,* 386 Pa. Super. 254, 261, 562 A.2d 894, 897 (1989), citing *Commonwealth v. Devers,* 519 Pa. 88, 102, 546 A.2d 12, 18 (1988). If the record reveals the judge set forth reasons for sentencing and considered the particular circumstances of the case, the court's discretion should not be disturbed. *Commonwealth v. McKiel,* 427 Pa. Super. 561, 564, 629 A.2d 1012, 1014 (1993).

The court did review the pre-sentence investigation report in this case. The defendant had a prior record score of zero. With regard to Count 1, criminal solicitation to commit murder, the offense gravity score is 13, which would make the standard range 60 months to 78 months, aggravated to 90 months, mitigated to 48 months. The defendant's sentence of not less than six nor more than 15 years imprisonment in a state correctional facility is within the standard guideline range. The reason(s) for the sentence in this matter are the sentencing guidelines, the defendant's age and his apparent health and consideration of the arguments and testimony presented at the time of the sentencing hearing. (N.T. sentencing hearing, 10/6/06, pp. 26-27.) Given all the above, the sentence imposed was within the discretion of the court.

For the foregoing reasons, this court respectfully requests that the defendant's appeal be denied.