J-A18035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK ALLEN PRINKEY | : | |
| | : | |
| Appellant | : | No. 1380 WDA 2018 |

Appeal from the PCRA Order Entered August 28, 2018
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-CR-0000242-2007

BEFORE:  BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED:  February 14, 2023**

Mark Allen Prinkey appeals from the August 28, 2018 order denying his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").  This Court's original adjudication of this appeal concluded, *inter alia*, that Appellant's claims of prosecutorial vindictiveness constituted a challenge to the discretionary aspects of his sentence pursuant to ***Commonwealth v. Robinson***, 931 A.2d 15 (Pa.Super. 2007) (*en banc*), which is not cognizable pursuant to the PCRA.  ***See Commonwealth v. Prinkey***, 237 A.3d 1083 (Pa.Super. 2020) ("***Prinkey IV***") (non-precedential decision at 4).

Appellant petitioned our Supreme Court for allowance of appeal and it granted review limited to a determination of the nature of Appellant's vindictiveness claim.  Ultimately, the High Court concluded this argument implicated the sentencing court's "authority to impose a greater sentence on remand" and, consequently, constituted a challenge to the legality of

Appellant's sentence. ***Commonwealth v. Prinkey***, 277 A.3d 554, 568 (Pa. 2022) ("***Prinkey V***"). Thus, the High Court found Appellant's claim of vindictiveness was properly raised in a PCRA petition, overruling ***Robinson***. On remand, the Supreme Court has directed us to consider the merits of Appellant's claim.[1] After careful review, we affirm.

The factual history of this case has been well-summarized, as follows:

> In 2007, Appellant placed his hands upon the shoulders of his seven-year-old stepdaughter and asked her if she had ever kissed a boy. The girl ran away and told her mother, Appellant's wife, that he had attempted to kiss her. Appellant's wife relayed her daughter's account to law enforcement authorities, prompting an investigation. When interrogated by police officers, Appellant stated that, although he made no actual attempt to do so, other sexual acts, such as fellatio, might have followed. Based upon these statements, the officers arrested Appellant and charged him with attempted involuntary deviate sexual intercourse ("IDSI") with a child, attempted indecent assault with a person less than thirteen years of age, and corruption of the morals of a minor.

***Prinkey V***, ***supra*** at 556 (cleaned up). Appellant proceeded to a jury trial before the Honorable Daniel Lee Howsare, wherein he was convicted on all charges.

On September 2, 2008, Appellant's sentencing took place. During these proceedings, Judge Howsare *sua sponte* questioned the Commonwealth concerning its failure to provide notice pursuant to 42 Pa.C.S. § 9718.2(a)(1) and (b) (providing for "a minimum sentence of at least twenty-five years of

---

[1] The High Court expressed no opinion on the merits of Appellant's arguments. ***See Commonwealth v. Prinkey***, 277 A.3d 554, 566 (Pa. 2022) ("[O]ur only task is identifying the character of [Appellant's] claim[.]").

total confinement" and a maximum sentence of fifty years upon a second conviction for certain enumerated sexual crimes).[2]  ***See*** N.T. Sentencing, 9/2/08, at 59.  The Commonwealth confirmed that notice had not been provided.[3]  ***Id***. at 61.  Instead, the Commonwealth requested the imposition of a sentence of ten and one-half to forty years of incarceration.  ***Id***. at 68. Ultimately, Judge Howsare imposed ten to twenty-five years of imprisonment in connection with attempted IDSI and a concurrent term of eighteen to thirty-six months with respect to corruption of a minor.  Appellant's conviction for attempted indecent assault merged with attempted IDSI.  Thus, Appellant's original sentence was set at ten to twenty-five years of imprisonment.

Appellant filed a direct appeal, wherein this Court found his claims were waived due to counsel's failure to comply with Pa.R.A.P. 1925(b).  ***See Commonwealth v. Prinkey***, 15 A.3d 529 (Pa.Super. 2010) (unpublished

---

[2]  In 1998, Appellant was convicted of IDSI in a separate, unrelated case.

[3]  Specifically, the district attorney for Bedford County averred that it was his belief that Appellant's attempt convictions were not predicate offenses pursuant to 42 Pa.C.S. § 9718.2.  ***See*** N.T. Sentencing, 9/2/08, at 59-61.  A review of Pennsylvania law, however, reveals that both attempted IDSI and attempted indecent assault were (and are) predicate offenses.  ***See*** 42 Pa.C.S. § 9795.1(a)(2) (expired as of December 20, 2012); 42 Pa.C.S. § 9799.14(b)(6), (b)(22), (d)(4), (d)(14) (effective from December 20, 2012); ***see also Commonwealth v. Helsel***, 53 A.3d 906 (Pa.Super. 2012) (non-precedential decision at 2) (directing the trial court to apply § 9718.2 following a defendant's conviction for an attempted predicate sexual offense). Indeed, the district attorney expressed he would have pursued § 9718.2 but for his erroneous belief concerning attempt crimes.  ***See*** N.T. Sentencing, 9/2/08, at 61 ("I mean, I'd love to put this guy in jail for twenty-five years."). The Commonwealth did not repeat or revisit this position in later proceedings.

memorandum) ("***Prinkey I***").  Thereafter, Appellant submitted a timely PCRA petition arguing, *inter alia*, that prior counsel was ineffective in failing to preserve a challenge to the sufficiency of the Commonwealth's evidence as to attempted IDSI.  The case was reassigned to the Honorable Thomas S. Ling for disposition, who concluded the claim lacked merit.  On appeal, however, this Court held there was insufficient evidence presented to demonstrate that Appellant took a "substantial step toward engaging in sexual intercourse *per os* or *per anus*" with the victim.  ***See Commonwealth v. Prinkey***, 83 A.3d 1080 (Pa.Super. 2013) (unpublished memorandum at 5) ("***Prinkey II***"). Thus, we reversed the PCRA court's order in part, discharged Appellant's attempted IDSI conviction, and remanded for resentencing.

Prior to resentencing, the Commonwealth submitted notice of its intent to seek the imposition of the mandatory twenty-five-year minimum sentence and fifty-year maximum sentence pursuant to § 9718.2(a)(1) and (b), which Appellant challenged.  Judge Ling held a hearing, wherein the Commonwealth explained it was pursuing the mandatory sentence in light of the reduced overall sentence that Appellant could legally receive following the discharge of his attempted IDSI conviction.  ***See*** N.T. Hearing, 2/18/14, at 7-9 (cleaned up).  Specifically, the Commonwealth expressed its belief that a lengthy mandatory sentence was necessary due to the nature of Appellant's underlying actions.  ***Id***. at 8 ("[T]here's only one way to keep society safe from him and that's to keep him behind bars.").

Ultimately, Judge Ling concluded that he was without discretion to refuse to impose § 9718.2 and, thus, he sentenced Appellant to an aggregate term of twenty-six and one-half to fifty-three years of imprisonment, *i.e.*, more than double Appellant's original sentence. *Id*. at 23 ("I believe the law says if the Commonwealth serves that mandatory, I am without discretion to avoid it."). Following resentencing, Appellant filed a second direct appeal and challenged the Commonwealth's invocation of § 9718.2 on numerous grounds. This Court upheld his judgment of sentence and the imposition of § 9718.2 despite the undisputed fact that the Commonwealth had not sought the mandatory sentence at Appellant's first sentencing. *See **Commonwealth v. Prinkey***, 125 A.3d 463 (Pa.Super. 2015) ("***Prinkey III***") (unpublished memorandum at 3-8), *appeal denied*, 131 A.3d 491 (Pa. 2016).

On September 28, 2016, Appellant filed a timely *pro se* PCRA petition. Counsel filed an amended petition on Appellant's behalf asserting, *inter alia*, that his sentence was the product of *per se* vindictiveness. ***See*** Amended PCRA Petition, 2/14/17, at ¶ 26 (citing ***North Carolina v. Pearce***, 395 U.S. 711, 725 (1969)). Ultimately, the PCRA court found this argument lacked merit since the Commonwealth's justification did "not reflect any vindictiveness on the part of the Commonwealth[.]" ***See*** Memorandum Opinion, 8/28/18, at 9. Thus, the PCRA court denied Appellant's claim due to a lack of affirmative evidence of vindictiveness.

On September 24, 2018, Appellant filed a timely notice of appeal. As noted above, this Court initially affirmed the PCRA court's denial of this claim

- 5 -

on procedural grounds pursuant to **Robinson**. **See Prinkey IV**, **supra** at 3-4. However, as noted above, our Supreme Court abrogated this aspect of our holding and remanded for consideration of the merits of Appellant's claim of *per se* prosecutorial vindictiveness. **See Prinkey V**, **supra** at 568-69.

On remand to this Court, Appellant has framed his argument as follows: "Whether the Commonwealth's decision to seek a mandatory sentence pursuant to 42 Pa.C.S. § 9718.2 constituted vindictiveness in resentencing in this case for the purposes of [**Pearce**] and its progeny, and therefore a violation of [Appellant's] constitutional rights?"[4] Appellant's brief at 5.

In the context of PCRA appeals, our standard of review is well-settled:

> When reviewing the denial of a PCRA petition, an appellate court must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, a reviewing court is bound by a PCRA court's credibility determinations and its fact-finding, so long as those conclusions are supported by the record. However, with regard to a court's legal conclusions, appellate courts apply a *de novo* standard.

**Commonwealth v. Drummond**, 285 A.3d 625, 633 (Pa. 2022) (cleaned up).

As noted above, Appellant's claim for relief in this case concerns **Pearce**, wherein the Supreme Court of the United States held as follows:

> Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally

---

[4] The Commonwealth declined to file a brief in this matter on remand. We have relied upon the arguments presented in the Commonwealth's original brief, which discussed the applicability of **North Carolina v. Pearce**, 395 U.S. 711 (1969) in adequate detail. **See** Commonwealth's brief at 12-16.

deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Pearce*, *supra* at 725-26.

At the most basic level, our Supreme Court has distilled the holding in *Pearce* as requiring that "[a] court may not punish an appellant for exercising appellate rights." *Commonwealth v. Speight*, 854 A.2d 450, 455 (Pa. 2004). This requirement "has been read to create 'a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence." *Commonwealth v. Martorano*, 634 A.2d 1063, 1072 (Pa. 1993) (quoting *U.S. v. Goodwin*, 457 U.S. 368, 374 (1982)). This Court has also concluded that *Pearce* applies with equal force where, as here, "the original sentence is vacated and a second sentence is imposed without an additional trial." *Commonwealth v. Barnes*, 167 A.3d 110, 123 (Pa.Super. 2017) (*en banc*).

While *Pearce* dealt with allegations of vindictiveness by a sentencing court, subsequent holdings have also extended its application to cases of

alleged prosecutorial misconduct where, *inter alia*, "the accused is treated more harshly because he has successfully exercised a lawful right[.]" ***Commonwealth v. Rocco***, 544 A.2d 496, 498 (Pa.Super. 1988) (citing ***Blackledge v. Perry***, 417 U.S. 21, 27 (1974) ("[H]ere the central figure is not the judge or the jury, but the prosecutor.")). Thus, Pennsylvania courts have applied the various aspects of ***Pearce*** interchangeably with reference to allegations of both judicial and prosecutorial vindictiveness. ***See Barnes***, ***supra*** at 123; ***Rocco***, ***supra*** at 498.

However, the Supreme Court of the United States has explained that "[t]he ***Pearce*** requirements . . . do **not** apply in every case where a convicted defendant receives a higher sentence on retrial." ***Texas v. McCullough***, 457 U.S. 134, 138 (1986) (emphasis added). In particular, "[w]here, as here, the defendant is sentenced . . . by a judge different from the one who imposed sentence after the first trial, the presumption of vindictiveness established by ***Pearce*** does not apply." ***Commonwealth v. Tapp***, 997 A.2d 1201, 1205 (Pa.Super. 2010) (citing ***Commonwealth v. Mikesell***, 537 A.2d 1372, 1380-81, *overruled on other grounds*, ***Robinson***, ***supra*** at 21-22); ***see also*** ***Martorano***, ***supra*** at 1072 ("[T]he presumption is inapposite so long as different sentencers assessed the varying punishments."). In summary:

> If the trial court grants a retrial and later a different sentencing authority imposes a higher sentence following reconviction, no probability of vindictiveness would arise as a legitimate (non-vindictive) explanation is apparent, *i.e.*, different sentencing authorities viewed the sentencing factors differently, and the

second sentencing authority had no direct relationship to the prior sentence which had been set aside.

*Rocco*, *supra* at 500 (citing *McCullough*, *supra* at 138-39).

Instantly, there is no question that different jurists were responsible for the imposition of Appellant's respective sentences in this case: Judge Howsare presided at Appellant's initial sentencing, while Judge Ling was responsible for Appellant's resentencing. Accordingly, we conclude that the presumption of vindictiveness established by *Pearce* is not applicable here. *See*, *e.g.*, *Barnes*, *supra* at 123 (indicating that the principles of *Pearce* apply with equal vigor in the context of either prosecutorial or judicial vindictiveness); *Rocco*, *supra* at 499 (noting in the context of a claim of prosecutorial vindictiveness that the exception noted in *McCullough* applies and mandates a finding of "no probability of vindictiveness" under *Pearce* when applicable).

In the absence of a presumption of vindictiveness, Appellant "'must affirmatively prove actual vindictiveness.'" *Mikesell*, *supra* at 1380 (quoting *Wasman v. U.S.*, 468 U.S. 559, 569 (1984)). Under these circumstances, he bears "the burdens of production and persuasion on that issue and must prove vindictiveness as a matter of fact." *Tapp*, *supra* at 1205.

However, Appellant has advanced no affirmative evidence to establish the existence of actual vindictiveness of the Commonwealth in this case and, instead, largely relies upon the existence of the *Pearce* presumption to buttress his claim. *See* Appellant's brief at 15 ("The circumstances in *Pearce* categorically define the case currently before this Honorable Court."). Indeed,

Appellant eschewed the opportunity to even attempt to cross-examine the district attorney during the PCRA hearing concerning his motivations for seeking the mandatory minimum and, instead, chose to invoke the concept of "*ipso facto*" vindictiveness. **See** N.T. PCRA Hearing, 4/21/17, at 41-42. Thus, Appellant's arguments rest entirely upon a false assumption that the presumption of vindictiveness pursuant to **Pearce** applies in this case.

Furthermore, we take exception to Appellant's erroneous suggestion that the Commonwealth's pursuit of a mandatory sentence was undertaken "without any justification[.]" Appellant's brief at 11. To the contrary, the Commonwealth's rationale for seeking the imposition of § 9718.2 at resentencing is an undisputed matter of record and provides as follows:

> [T]he defendant when he was originally convicted was facing 52 years in prison. Judge Howsare could have sentenced him to 26 to 52 years in prison. And the Commonwealth made a recommendation close to that at the time of the original sentencing. However, we left the discretion to the Court to sentence whatever seemed appropriate. And the judge sentenced him to 10 years to 25 years. . . . If we're supposed to exercise these mandatories with discretion, and I believe that we do in my office . . . – should we then be penalized for not seeking them in the first instance, when the circumstances have changed, and changed drastically? This defendant who was once facing 52 years in jail for the same exact conduct, is now only facing 14 years in jail for that conduct. In other words, the mandatory is so much more necessary than it was in the first instance, where the judge could have sentenced him up to 52 years. . . .
>
> This is a man, who . . . was out of jail for a couple months, a couple months before he re-offended. He's a pedophile. He's a sexually violent predator. . . . He has a sincere interest in having sex with children. That's what he is and there's only one way to keep society safe from him and that's to keep him behind bars. And that's why this mandatory is there. So, we had the discretion

- 10 -

> in the instant case to not seek the mandatory and we didn't. But now we think it's appropriate. It's all the more important now that the offenses are lesser.

N.T. Hearing, 2/19/14, at 6-8. We discern no vindictiveness on the part of the Commonwealth. To the contrary, the Commonwealth's motivations seem perfectly in line with the underlying purpose of mandatory sentencing statutes like § 9718.2, which are a response to undisputed recidivist offenders like Appellant. **See Commonwealth v. Helsel**, 53 A.3d 906, 913 (Pa.Super. 2012) ("The generally recognized purpose of such graduated sentencing laws [as § 9718.2] is to punish offenses more severely when the defendant has exhibited an unwillingness to reform his miscreant ways and to conform his life according to the law.").

Overall, Appellant has failed to offer any affirmative evidence of prosecutorial vindictiveness in this matter. Thus, his claim necessarily fails. **See Tapp**, **supra** at 1205; **Mikesell**, **supra** at 1380-81.

Based on the foregoing, we find no error of law or abuse of discretion in the PCRA court's conclusion that Appellant's claim of vindictiveness lacked merit, which is supported by the record and free of legal error. Thus, we affirm the PCRA court's denial of Appellant's vindictiveness claim.

Order affirmed.

Judge Musmanno did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/14/2023